UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DAVID ALLEN COLE AND | ) | CASE NO. 03-61177 |
| DEBRA ANN COLE, | ) | |
| | ) | ADV. NO. 06-6201 |
| Debtors. | ) | |
| | ) | JUDGE RUSS KENDIG |
| JOSIAH L. MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| v. | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |
| DAVID ALLEN COLE, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Now before the court is trustee Josiah L. Mason's ("Trustee") motion for summary judgment. Trustee filed the motion on May 1, 1007 under Fed. R. Bank. P. 7056, which incorporates Fed. R. Civ. P. 56, seeking revocation of debtors' discharge pursuant to 11 U.S.C. § 727(d)(1) or (2). Defendants David Allen Cole, Sr. ("Cole") and Debra Ann Cole responded on June 27, 2007 and argued that genuine issues of material fact exist which preclude an entry of summary judgment.[1]

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(J). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

The facts are straightforward. Debtors filed a joint chapter 7 case on March 18, 2003 and received a discharge on July 18, 2003. At the time of the filing, Debtors were

---

[1] A motion to dismiss Defendant Debra Ann Cole from this proceeding was filed by plaintiff-trustee on July 10, 2007. In light of the pending motion to dismiss, this decision will only affect Defendant David Allen Cole, Sr.

06-06201-rk    Doc 21    FILED 07/23/07    ENTERED 07/23/07 14:49:48    Page 1 of 5

married and resided together. Debtors were owners of a time share which the trustee liquidated for the benefit of creditors. On or about April 19, 2005, the proceeds from the sale of the timeshare were remitted to "JOSIAH L. MASON TRUSTEE FOR BANKRUPTCY and FOR DAVID A. COL" by a check in the amount of $1,123.79. Cole admits that he received the check, endorsed it, and cashed it. He also admits that he did not turn over the funds to the trustee until after Trustee filed the underlying adversary complaint.

According to Cole, at the time Trustee filed the notice of sale, he was no longer residing at the address listed in the petition, was not speaking to Debtor Debra A. Cole, and did not receive Trustee's notice of the sale. He contends that he did not receive any correspondence or communications related to the proceeds until after Trustee filed the adversary.

## LAW AND ANALYSIS

### I. Standard for Summary Judgment

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The moving party carries the initial burden and must "identify[] those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citing F.R.C.P. 56(c)). Evidence, including all reasonable inferences, considered on a motion for summary judgment must be viewed in the light most favorable to the non-movant. *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-88 (1986). The moving party must demonstrate that no reasonable trier of fact could make a finding for the non-moving party. *See* Calderone v. U.S., 799 F2d 254, 259 (6th Cir. 1986) (quotation omitted). If the moving party satisfies its burden, the non-movant cannot merely rest on the pleadings, but must introduce specific evidence demonstrating the existence of issues of fact. Huizinga v. U.S., 68 F.3d 139 (6th Cir. 1995) (citing Celotex Corp., 477 U.S. at 324).

## II. 727(d)

Trustee relies on 11 U.S.C. § 727(d)(1) and (2) in his motion. That provision states, in applicable part:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee . . . .

On section 727(d) actions, Trustee bears the burden of proof by a preponderance of the evidence. *See* Sicherman v. Rivera (In re Rivera), 356 B.R. 786 (unpublished) (citing Keeney v. Smith (In re Keeney), 227 F.3d 679, 683 (6th Cir. 2000); Hamo v. Wilson (In re Hamo), 223 B.R. 718, 724 (B.A.P. 6th Cir. 1999). 'Revocation of a debtor's discharge is an extraordinary remedy, so § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation.' Humphreys v. Stedham (In re Stedham), 327 B.R. 889, 897 (Bankr. W.D. Tenn. 2005) (quoting Buckeye Retirement Co. v. Heil (In re Heil), 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003)).

### A. 727(d)(1)

In order to succeed under 11 U.S.C. § 727(d)(1), Trustee must show that the discharge was obtained by fraud. This requires proof of "fraud in fact or intentional misconduct by the debtor." Baumgart v. Deskins (In re Deskins), 171 B.R. 596 (Bankr. N.D. Ohio 1994) (citing In re Putnam, 85 B.R. 881, 883 (Bankr. M.D. Fla. 1988). "Fraud must be proven in the procurement of the discharge and sufficient grounds must have existed which would have prevented the discharge had they been known and presented at the time." Buckstop Lure Co. v. Trost (In re Trost), 164 B.R. 740 (Bankr. W.D. Mich. 1994) (citing Miller v. Ping (In re Ping), 96 B.R. 96 (Bankr. E.D. Ky. 1988).

In this case, the discharge was entered on July 18, 2003. However, the events which are identified by Trustee, and which presumably give rise to the alleged fraud, occurred after this date. Trustee filed a notice of sale of the property on or about May 6, 2004 and the check issued by the title agency is dated April 19, 2005. Cole's act of signing the check clearly would have occurred after April 19, 2005, after the discharge was entered. Thus, the acts complained of by Trustee transpired after the discharge was

granted, not before. Trustee has not set forth grounds demonstrating that debtors obtained their discharge through fraud, and therefore revocation of the discharge under 11 U.S.C. § 727(d)(1) is not appropriate. *See also* Rivera, 356 B.R. at *6.

### B. 727(d)(2)

To succeed on a revocation action under section 727(d)(2), Trustee 'must establish the existence of two elements: (1) the debtor acquired or became entitled to property of the estate; and (2) the debtor knowingly and fraudulently failed to report or deliver this property to the trustee.' Rivera, 338 B.R. at 325 (quoting Yoppolo v. Walter (In re Walter), 265 B.R. 753, 760-61 (Bankr. N.D. Ohio 2001); In re Bowman, 173 B.R. 922, 925 (B.A.P. 9th Cir. 1994)). There is no dispute with regard to the first element: the debtor acquired proceeds from the sale of the time share which were estate property.

Since it is apparent that Trustee became aware that Cole received the proceeds, the crux of the matter is whether debtor knowingly and fraudulently failed to deliver the property to the trustee. *See* Campbell v. Buchanan (In re Buchanan), 2000 WL 33710888 (Bankr. D. S.C. 2000) (unpublished). "As used in § 727(d)(2), the phrase 'knowingly and fraudulently' requires that the debtor's actions must have been taken with the knowing intent to defraud the trustee, or be so reckless so as to justify a finding that the debtor acted fraudulently.' In re Walter, 265 B.R. at 761 (citing Werner v. Puente (In re Puente), 49 B.R. 966, 969 (Bankr. W.D.N.Y. 1985)). The totality of the circumstances are considered in determining whether a debtor acted knowingly and fraudulently. *See* Rivera, 338 B.R. at 325 (citing Matter of Yonikus, 974 F.2d at 905-06 (7th Cir. 1992)); In re Helsel, Sr., 326 B.R. 591 (Bankr. W.D. Pa. 2005).

Trustee contends that Cole's act of cashing the check, made payable to "JOSIAH L. MASON TRUSTEE FOR BANKRUPTCY and FOR DAVID A. COL",[2] and failing to deliver the proceeds or contact trustee, satisfies this element. Since Cole does not deny cashing the check or retaining the proceeds for more than a year, the court concludes Trustee has met his initial burden of proof on this element. In his defense, Cole argues that he did not receive any correspondence from his attorney about the proceeds until after the filing of Trustee's complaint as a result of a change of address.[3] Cole, however, has not provided an affidavit in support of these facts. And since Trustee met his initial burden on this element, Cole is not entitled to rely on the bare allegations contained in his pleadings. *See* Huizinga v. U.S., 68 F.3d 139 (6th Cir. 1995) (citing Celotex Corp., 477 U.S. at 324); Villalon v. U.S. (In re Villalon), 253 B.R. 837 (Bankr. N.D. Ohio 2000) (citing Miller v. Lorain County Bd. of Elections, 141 F.3d 252, 256 (6th Cir. 1998)).

---

[2] Even under the most liberal interpretation, the check was jointly payable to Trustee and Cole. Under no interpretation should Cole have understood the money to be his alone.

[3] Interestingly, no change of address was filed with the court after the institution of this adversary proceeding.

Consequently, the court concludes Cole failed to establish the existence of a genuine issue of material fact on this element. As a result, Trustee has established both elements of a section 727(d)(2) action.

### CONCLUSION

Although revocations of discharge are harsh measures, the court finds Trustee met his burden of proof on the section 727(d)(2) claim. Cole clearly acquired property of the estate and cashed a check in which Trustee had a crystalline interest. Cole's failure to do more than rely on the allegations of his pleadings means that he has not demonstrated that a genuine issue of material fact exists. Trustee is entitled to judgment as a matter of law against Defendant-debtor David Allen Cole, Sr.

An order in accordance with this decision shall be entered contemporaneously.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE   JUL 23 2007

**Service List**:

Josiah L. Mason
153 W. Main St.
P.O. Box 345
Ashland, OH 44805-2219

Thomas J. Budd, II
128 Church St.
Ashland, OH 44805-2105

David Allen Cole, Sr.
Debra Ann Cole
2001 Biddle Rd.
Galion, OH 44833